## John J. CORMIER, Appellant, v. UNITED STATES of America, Appellee.

### No. 9067.

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1943.

Harold H. Gorman, of Cleveland, Ohio, for appellant.

Don C. Miller, of Cleveland, Ohio, for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

Upon consideration of the briefs and record in the above cause and the argument of counsel, it is the view of the court that no prejudicial reversible error occurred during the trial, nor that, considering the instructions of the court as a whole, were there any substantial inaccurate statements of law incorporated therein; wherefore, it is the conclusion of the court that the judgment of conviction should be affirmed, but that it is to be without prejudice to any action that may be taken in the court below to mitigate the sentence imposed upon said appellant to conform to the action taken by the District Judges in respect to the sentences imposed upon the co-defendants of the appellant, such mitigation having previously been denied to the appellant because jurisdiction over him had been lost by reason of his appeal.

It is so ordered.

## C. P. A. COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

### No. 9194.

Circuit Court of Appeals, Sixth Circuit.

Feb. 17, 1943.

John M. Hudson and Thomas F. Chawke, both of Detroit, Mich., for petitioner.

Samuel O. Clark, Jr., J. W. Wenchel, Sewall Key, Claude R. Marshall, and Arthur A. Armstrong, all of Washington, D. C., for respondent.

Before HAMILTON, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

On stipulation, it was agreed that if petitioner is a life insurance company according to the definition set forth in the provisions of Sec. 201(a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int. Rev.Code, § 201(a), it is not subject to income tax for those years; otherwise, it is so liable. These statutory provisions define a life insurance company as one "engaged in the business of issuing life insurance and annuity contracts (including contracts of combined life, health, and accident insurance)." The contracts issued by petitioner were not life insurance and annuity contracts, nor were they contracts of combined life, health, and accident insurance.

The decision of the Board of Tax Appeals (now the Tax Court of the United States), holding petitioner liable for the taxes above mentioned, is affirmed.